Timothy F. Coons, #031208
Timothy@DentonPeterson.com
Elena Cottam, #032077
Elena@DentonPeterson.com

**DP** | DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Anthony Siebers,** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **American Medical Response, Inc.,** a Delaware corporation; **Rural/Metro Corporation**, an Arizona corporation; **Edward Van Horne** and **Jane Doe Van Horne**, husband and wife; **Timothy Dorn** and **Jane Doe Dorn**, husband and wife; **Craig A. Wilson** and **Jane Doe Wilson**, husband and wife; **William A. Sanger** and **Jane Doe Sanger**, husband and wife; **Steve W. Ratton Jr.** and **Jane Doe Ratton**, husband and wife; **Jay Burkett** and **Jane Doe Burkett**, husband and wife; **Sven Johnson** and **Jane Doe Johnson**, husband and wife; **Scott A. Bartos** and **Jane Doe Bartos,** husband and wife. | |
| Defendants. | |

Plaintiff, Anthony Siebers, for his Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff is a former employee of Defendants listed in the caption and incorporated herein (collectively "Defendants") and brings this action to recover owed

commissions and bonuses pursuant to contract as well as overtime hours worked in excess of 40 in any given work week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "FLSA").

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of the Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein and, thus, are subject to personal jurisdiction in this judicial district.

## PARTIES

4.      At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Maricopa County.

5.      Plaintiff began working for Rural/Metro Corporation ("Rural/Metro"), on or around October 11, 2014.

6.      Defendant Rural/Metro is an emergency services organization.

7.      Defendant Rural/Metro is an Arizona corporation and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8.      On October 28, 2015, Rural/Metro was sold to American Medical Response, Inc. ("AMR").

9.      Defendant American Medical Response, Inc., is a Delaware corporation and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.     Defendant Edward Van Horne and Jane Doe Van Horne are, upon information and belief, husband and wife.

DENTON PETERSON, PC
ATTORNEYS + COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

11.     Edward Van Horne is the President and CEO of the Defendants Rural/Metro and AMR and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Van Horne is subject to individual liability under the FLSA.

12.     Any action taken by Edward Van Horne or Jane Doe Van Horne was done for the benefit of their marital community.

13.     Defendant Timothy Dorn and Jane Doe Dorn are, upon information and belief, husband and wife.

14.     Timothy Dorn is an officer of the Defendant Rural/Metro and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Dorn is subject to individual liability under the FLSA.

15.     Any action taken by Timothy Dorn and Jane Doe Dorn was done for the benefit of their marital community.

16.     Defendant Craig A. Wilson and Jane Doe Wilson are, upon information and belief, husband and wife.

17.     Craig A. Wilson is the Secretary of the Defendants Rural/Metro and AMR and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Wilson is subject to individual liability under the FLSA.

18.     Any action taken by Craig A. Wilson and Jane Doe Wilson was done for the benefit of their marital community.

19.     Defendant Steve W. Ratton Jr. and Jane Doe Ratton are, upon information and belief, husband and wife.

20.     Steve W. Ratton is the Treasurer of the Defendants Rural/Metro and AMR and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Ratton is subject to individual liability under the FLSA.

21.     Any action taken by Steve W. Ratton and Jane Doe Ratton was done for the benefit of their marital community.

22.     Defendant William A. Sanger and Jane Doe Sanger are, upon information and belief, husband and wife.

23.     William A. Sanger is the director of the Defendants Rural/Metro and AMR and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Sanger is subject to individual liability under the FLSA.

24.     Any action taken by William A. Sanger or Jane Doe Sanger was done for the benefit of their marital community.

25.     Defendant Scott A. Bartos and Jane Doe Bartos are, upon information and belief, husband and wife.

26.     Scott A. Bartos was the President and CEO of the Defendants Rural/Metro previous to October 28, 2016, and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Bartos is subject to individual liability under the FLSA.

27.     Any action taken by Scott A. Bartos or Jane Doe Bartos was done for the benefit of their marital community.

28.     Defendant Sven Johnson and Jane Doe Johnson are, upon information and belief, husband and wife.

29.     Sven Johnson was the Secretary with the Defendants Rural/Metro previous to October 28, 2016, and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Johnson is subject to individual liability under the FLSA.

30.     Any action taken by Sven Johnson or Jane Doe Johnson was done for the benefit of their marital community.

31.     Defendant Jay Burkett and Jane Doe Burkett are, upon information and belief, husband and wife.

32.     Jay Burkett was in management with the Defendants Rural/Metro previous to October 28, 2016, and was at relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Johnson is subject to individual liability under the FLSA.

33.     Any action taken by Jay Burkett or Jane Doe Burkett was done for the benefit of their marital community.

DENTON PETERSON, PC
ATTORNEYS • COUNSELORS • AT • LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

34.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

35.     Defendants, and each of them are sued in both the individual and corporate capacities.

36.     Therefore, Defendants, and each of them, are jointly and severally liable for the injuries and damages sustained by Plaintiff.

37.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.00.

## FACTUAL ALLEGATIONS

38.     On or around October 11, 2014, Plaintiff began employment with Rural/Metro as Director of Corporate Strategy.

39.     Rural/Metro agreed to pay Plaintiff an annual salary of $130,000.00 with a 35% annual bonus.

40.     As Director of Corporate Strategy, Plaintiff was classified as an exempt employee under the executive exemption.

41.     In or around June 2015, Rural/Metro announced the decision to sell the company to AMR.

42.     After Rural/Metro's announcement to sell the company, Plaintiff's duties began to change.  His level of autonomy and authority were reduced.  He was directed to perform a non-managerial sales position, preparing Rural/Metro for sale with a specific focus on business development and sales for the specialty fire division.

43.     From June 2015 until March 2016, Plaintiff worked 50-60 hours per week on average.

44.     During June 2015 until March 2016, Plaintiff continued to receive his $130,000.00 salary and retained his right to earn a 35% bonus.

45.     On October 28, 2015, the sale of Rural/Metro to AMR was finalized.

DENTON PETERSON, PC
ATTORNEYS  &  COUNSELORS  AT  LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

46.     Plaintiff continued to work for AMR until March 2016 focusing on business development and sales.

47.     Soon after October 28, 2015, AMR presented Plaintiff with a compensation structure for sales and marketing by AMR which included "generous commissions" among other benefits.  However, Plaintiff received no commissions for his sales.

48.     In March 2016, AMR informed Plaintiff that his position was no longer needed but that he would transition to AMR in a new position similar to his current role in sales and business development.

49.     When Plaintiff asked for details on the compensation package being offered and for details on payment of his previous contract terms, the position was withdrawn and in the alternative, AMR offered a severance package in exchange for a release of all claims.

50.     Defendants failed to pay Plaintiff his 2015 bonus.

51.     Defendants failed to pay Plaintiff any commissions for his sales since June 2015.

52.     Other similarly situated individuals contracted by Defendants enjoyed 20% commissions on the first year profitability for their sales efforts.

53.     Plaintiff has received no payment for commissions.

54.     From June 2015 until March 2016, Defendants failed to properly compensate Plaintiff for his overtime hours.

55.     Plaintiff routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during his tenure at Rural/Metro and AMR.

56.     Specifically, during his employment, Plaintiff routinely worked fifty (50) to sixty (60) hours per week and was not paid the premium one-and-one-half times his regular rate as required under the FLSA for hours worked over 40 in a workweek.

57.     For example, during the workweek of March 7, 2016 through March 13, 2016 Plaintiff worked approximately 61 hours and only received his regular weekly rate of pay.

DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

Plaintiff was not compensated at one-and-one-half times his regular rate of pay for the 21 hours of overtime he worked that week.

58.     Defendants refused and/or failed to properly disclose or to apprise Plaintiff of his rights under the FLSA.

59.     Defendants wrongfully withheld wages from Plaintiff by failing to pay overtime wages due for hours Plaintiff worked.

60.     Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

61.     From June 2015 to March 2016, Defendants failed to properly compensate Plaintiff for any of his overtime hours. Plaintiff routinely worked approximately fifty (50) to sixty (60) hours per week, including routinely working through lunch periods, after regular business hours, and on the weekends, for which time Defendants failed to accurately record Plaintiff's time worked while suffering or permitting him to work nonetheless.

62.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff one-and-one-half times his regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such Defendants' conduct constitutes a willful violation of the FLSA.

63.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

64.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

65.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

66.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE
## BREACH OF CONTRACT

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     Defendants' actions as described herein constitute a breach of the contract between the parties.

69.     Plaintiff suffered damages as a result of Defendants' failure to pay Plaintiff's bonus and commissions that were admittedly owed, plus damages for all fees and costs incurred for instituting this action and other direct and consequential damages, in amounts to be proven at trial.

70.     Because the action arises out of a failure to pay wages, Plaintiff is entitled to recover treble the amount in damages, pursuant to A.R.S. § 23-355.

71.     This action arises out of contract, and therefore, pursuant to A.R.S. § 12-341.01 Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred as a result of Defendants' breach of the parties' agreement.

## COUNT TWO
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

72.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.     The agreement between Plaintiff and Defendants includes an implied covenant of good faith and fair dealing, which imposes on both parties the duty not to do anything to impair the right of the other to receive the benefits that flow from their agreement or contractual relationship.

74.     Defendants have materially breached the covenant of good faith and fair dealing.

75.     Plaintiff has been damaged as a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, which damages include, but are not limited to Plaintiff's bonus and commissions, plus damages for all fees and costs incurred for instituting this action and other direct and consequential damages, in amounts to be proven at trial.

76.     This matter arises out of contract, and Plaintiff is entitled to its attorneys' fees and costs of suit pursuant to the provisions of A.R.S. §12-341.01, *et seq.*

## COUNT THREE

### UNJUST ENRICHMENT

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Defendants have been unjustly enriched, and Plaintiff unjustly impoverished, to the extent that Defendants have failed to pay Plaintiff for its services.

79.     Plaintiff suffered damages as a result of this unjust enrichment in an amount to be proven at trial.

## COUNT FOUR

### FAILURE AND/OR REFUSAL TO PAY OVERTIME – FLSA - 29 U.S.C. § 207

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wages.

82.     While employed by Defendants, Plaintiff routinely worked between ten to twenty hours of overtime per week each and every workweek during June 2015 to March

DENTON PETERSON, PC
ATTORNEYS • COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

2016—sometimes more—for which he worked for Defendants, and Defendants did not pay to Plaintiff one-and-one-half times his regular rate of pay for such time.

83.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

84.     Defendants knew that – or acted with reckless disregard as to whether their refusal or failure to properly compensate Plaintiff over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

85.     As a result of Defendants' failure or refusal to pay Plaintiff a wage equal to one-and-one-half times Plaintiff's regular rate of pay for work he performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation of one-and-one-half times his regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     Declaring pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

B.     For the Court to award compensatory, incidental, and consequential damages to be determined at trial;

C.     For the Court to award overtime compensation in the amount due to him for all of Plaintiff's time worked without receiving overtime;

D.     For the Court to award liquidated damages in an amount equal to the overtime award;

E.     For the Court to award prejudgment and post-judgment interest;

F.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

G.    For the Court to award attorneys' fees and costs pursuant to A.R.S. 12-341.01; and,

H.    Such other relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 27th day of May, 2016.

**DENTON PETERSON, P.C.**

/s/ Timothy F. Coons
Timothy F. Coons
Elena Cottom
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
Attorneys for Plaintiff

DENTON PETERSON, PC
ATTORNEYS + COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ  85213